UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LOUIS NAVARRO,<br><br>          Plaintiff,<br><br>     v.<br><br>CATE, et al.,<br><br>          Defendants. | Case No. 1:20-cv-00810-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A FOURTH AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>(Doc. 117)<br><br>30-DAY DEADLINE |

The Central District of California, Judge Pregerson, transferred Claims 2 and 3 of Plaintiff's third amended complaint to the Eastern District of California on May 20, 2020. (Doc. 261; *see also* Doc. 264.) Claims 2 and 3 now proceed in this action.

On July 6, 2020, the Court directed Defendants to respond to Plaintiff's third amended complaint, addressing only the operative claims in this action. (Doc. 266.) On August 5, 2020, Defendants filed a request for screening. (Doc. 267.) Although Plaintiff filed his third amended complaint in August of 2017, the court has not screened it as required by 28 U.S.C. § 1915A(a). (*Id.* at 2.) Because screening is mandatory under the statute, the Court grants Defendants' request.

Upon screening, the Court finds that Plaintiff states cognizable claims of retaliation against Defendants Daveiga and Ruiz. Plaintiff's remaining claims are not cognizable. Because Plaintiff may be able to cure the deficiencies in his pleading, the Court grants him leave to amend

his complaint. Alternatively, Plaintiff may file a notice that he wishes to proceed only the retaliation claims found cognizable and to dismiss the remaining claims and defendants.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil

rights complaint may not supply essential elements of the claim that were not initially pled,'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. PLAINTIFF'S FACTUAL ALLEGATIONS[1]

On September 24, 2007, while housed at California State Prison, Corcoran (*See* Doc. 117 at 9-11.), Plaintiff complained of Correctional Captain Daveiga's treatment of Plaintiff and other Native American inmates during an incident. (*Id.* at 9.) Daveiga subsequently rehoused Plaintiff in a "restricted section of the prison." (*Id.*) Plaintiff then filed a grievance against Daveiga on September 26, 2007. (*Id.* at 9-10.)

On February 25, 2008, Daveiga and Correctional Captain Ruiz issued a rules violation report against Plaintiff for conspiring to assault prison staff with a deadly weapon. (*Id.* at 10.) Consequently, Plaintiff was placed in administrative segregation ("ad-seg"). (*Id.*) Defendants withdrew the RVR after failing to abide by due process requirements and issued a second RVR

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

1  against Plaintiff for allegedly planning to batter correctional officers with a deadly weapon. (*Id.*)
2  After withdrawing the second RVR, Daveiga and Ruiz issued a third RVR against Plaintiff for
3  threatening a peace officer. (*Id.*) The hearing for the RVR was held on August 26, 2008. (*Id.*)
4  Plaintiff asserts that the charges were not supported by any evidence. (*Id.*) Plaintiff was found not
5  guilty, but he remained administrative segregation. (*Id.*) Defendants did not provide Plaintiff with
6  any reasons for keeping him in ad-seg. Plaintiff remained there until December 29, 2008. Plaintiff
7  filed a grievance regarding his placement in ad-seg. (*See id.*) Defendant Grannis, the chief of
8  inmate appeals at CDCR, denied the grievance at the third level of review. (*Id.*)

9  During his time in ad-seg, Plaintiff had two ongoing actions in federal court: *Navarro v.*
10 *Sullivan*, No. 2:07-01593-DDP-PJW (C.D. Cal.), a habeas action, and *Navarro v. Herndon*, No.
11 2:09-cv-01878-KJM-KJN (E.D. Cal.), a section 1983 action. (*Id.* at 11.) "Plaintiff alleges that due
12 to inadequate law library access," insufficient legal supplies, and outdated legal books, Plaintiff
13 was unable to properly prosecute both actions. (*Id.*) With respect to his habeas petition, Plaintiff
14 asserts that "two … prior convictions … were improperly counted as two strikes [even though]
15 each arose from a single criminal act." (*Id.*) With respect to his section 1983 action, Plaintiff
16 alleges that a motion to dismiss was granted "due to procedural statute of limitations, technical
17 reasons, that could have been averted had plaintiff had sufficient … time in law library," etc. (*Id.*)

18 Plaintiff also alleges that he was unable to file a habeas petition regarding his placement in
19 ad-seg due to insufficient library access and inadequate materials. (*Id.*) Plaintiff alleges that
20 fourteen defendants, including Daveiga and Ruiz, "personally participated in the denial of access
21 to courts." (*Id.*)

22 **IV.    DISCUSSION**

23 In Claim 2 of the complaint, Plaintiff raises retaliation and due process claims against
24 Defendants Daveiga, Ruiz, and Grannis. (Doc. 117 at 9.) Plaintiff asserts that his claims arise
25 under the First, Eighth, and Fourteenth amendments. (*Id.*) Based on his allegations, the Court
26 assumes that Plaintiff does not intend to raise an Eighth Amendment claim. But in an abundance
27 of caution, the Court addresses conditions of confinement under the Eighth Amendment below.
28 In Claim 3, Plaintiff raises access-to-courts claims against Daveiga and Ruiz, as well as

4

Defendants Adams, Brooks, Chastain, Comates, Davis, Grannis, Guzman, Hough, Junious, Neri, Rosenthal, Sheppard-Brooks, and Wortman. (*Id.* at 11.) Plaintiff raises the claims under the First and Fourteenth Amendments. (*Id.*)

**A. Retaliation**

A claim of retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action because of his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states cognizable retaliation claims against Correctional Captains Daveiga and Ruiz. He alleges that he engaged in protected activity, i.e., filing inmate grievances, and that Defendants subjected him to adverse action because of this activity, including issuing false RVRs and placing him in administrative segregation for more than 300 days. Such adverse actions would silence a person of ordinary firmness and not advance any legitimate penological interest.

Plaintiff does not state a cognizable retaliation claim against Grannis, the CDCR chief of inmates appeals. Plaintiff's allegations against Grannis are limited to the defendant's denial of his administrative appeal. However, inmates do not have a constitutional right to "specific prison grievance procedure[s]." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted). More generally, Plaintiff's allegation does not show that Grannis' actions or failures to act caused the deprivation of which he complains. *See Johnson*, 588 F.2d at 743. Thus, Plaintiff's allegation

1  that Grannis denied his grievance, without more, is insufficient to state a cognizable claim.

2  **B. Due Process**

3  The Fourteenth Amendment protects persons from deprivations of life, liberty, or property
4  without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both
5  from the Constitution itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)
6  (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and
7  policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

8  When a protected liberty interest is implicated, the Due Process Clause provides certain
9  procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The
10 amount of process or specific procedures required vary by context and the particular interest at
11 stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

12 When a protected interest is at stake, a prisoner charged with a disciplinary violation is
13 entitled to (1) advance written notice of the charge, (2) an opportunity to present evidence and
14 call witnesses, unless calling witnesses would interfere with institutional security, and (3) a
15 written statement by the factfinder of the evidence relied upon and the reason(s) for the discipline.
16 *Wolff v. McDonnell*, 418 U.S. 539, 564-570 (1974); *see also Serrano v. Francis*, 345 F.3d 1071,
17 1077 (9th Cir. 2003). In addition, a disciplinary decision must be supported by "some evidence."
18 *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). In
19 addition to procedural guarantees, a disciplinary decision must be supported by "some evidence."
20 *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

21 Plaintiff does not state a cognizable due process claim. Although he alleges that
22 Defendants denied him adequate procedures during a disciplinary hearing and that the charges
23 against him were not supported by evidence, Plaintiff does not provide facts that show that his
24 subsequent placement in ad-seg implicated a protected liberty interest. *See Sandin v. Conner*, 515
25 U.S. 472, 486 (1995) (plaintiff's "discipline in segregated confinement did not present the type of
26 atypical, significant deprivation in which a State might conceivably create a liberty interest").
27 However, as explained in the previous section, Plaintiff's placement in ad-seg does constitute an
28 "adverse action" for purposes of a retaliation claim.

**C. Access to the Courts**

Inmates have a fundamental, constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 350 (1996). To establish a claim of denial of access to courts, a prisoner must allege an "actual injury," i.e., that an official frustrated or hindered her efforts to pursue a legal claim. *Id.* at 351. The injury requirement, however, "is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Rather, the types of legal claims protected are limited to direct criminal appeals, petitions for writs of *habeas corpus*, and civil rights actions brought under section 1983 to vindicate basic constitutional rights. *See id.* (citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."[2] *Id.* at 355 (emphasis omitted).

Claims of denial of access to courts generally fall into two categories: (1) claims arising from an official frustrating a plaintiff from preparing and filing a lawsuit in the present, i.e., a forward-looking claim, or (2) claims arising from an official causing the loss of a meritorious claim that can no longer be pursued, i.e., a backward-looking claim. *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). When a prisoner asserts a backward-looking claim, "he must show: 1) the loss of a 'non-frivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009).

Plaintiff does not state a cognizable access-to-courts claim with respect to his habeas action, *Navarro v. Sullivan*, No. 2:07-01593-DDP-PJW (C.D. Cal.), or his section 1983 action, *Navarro v. Herndon*, No. 2:09-cv-01878-KJM-KJN (E.D. Cal.). Plaintiff does not show that the underlying habeas and civil rights claims were arguable or non-frivolous.

The Court has reviewed the records in these two cases and takes judicial notice thereof.[3] In the former case, the court dismissed the action because it found that Plaintiff's claims lacked

---

[2] The Court notes that, in the Ninth Circuit, a separate but related cause of action exists for "active interference" in litigation efforts "challenging ... sentences or ... conditions of ... confinement." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). Plaintiff does not allege active interference, but rather inadequate library access and resources (*see* Doc. 117 at 12); thus, the *Silva* line of cases do not apply.

[3] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

7

merit. *Sullivan*, Doc. 78 at 7-18 (Dec. 10, 2009); Doc. 80 (April 7, 2010). With respect to Plaintiff's claim that the trial court improperly counted convictions arising from the same criminal act as two strikes (*see* Doc. 117 at 11), the habeas court found that (1) Plaintiff misinterpreted California law, and (2) even if he were correct, he "would not be entitled to relief in this Court because sentencing errors involving the application of state sentencing law … are not cognizable on federal habeas review." *See Sullivan*, Doc. 78 at 8. Plaintiff thus fails to show how the outcome of his case might have been different had he had been provided greater access to the library. That is, he does not show that his habeas claims were arguable or non-frivolous.

In the latter case, the court granted, in part, the defendants' motion to dismiss Plaintiff's civil rights complaint because he filed it more than four years after the relevant causes of action accrued, i.e., after the applicable statute of limitations had run. *Herndon*, Doc. 78 at 8-13 (Aug. 24, 2011); Doc. 79 (Sept. 30, 2011). Like his habeas case, Plaintiff fails to show how the outcome of the motion to dismiss might have been different had he been provided greater library access, given that his claims were time-barred. Plaintiff therefore fails to show that the dismissed-civil rights claims were arguable or non-frivolous.

Plaintiff states a potentially viable access-to-courts claims with respect to the RVRs discussed in section IV.A, *supra*. As described in that section, Plaintiff alleges Defendants falsely charged him with rules violations and placed him in ad-seg in retaliation for filing inmate grievances. Plaintiff further alleges that, because prison officials denied him adequate legal resources while he was in ad-seg, including sufficient time in the library, he was unable to prepare a habeas petition challenging the rules violations and subsequent ad-seg placement. (*See* Doc. 117 at 11.) Thus, Plaintiff shows he "suffered arguably actionable harm that he wished to bring before the courts," via a habeas action, but that he "was so stymied by inadequacies of the law library that he was unable even to file a complaint" or petition. *Lewis*, 518 U.S. at 351.

Though this last claim is potentially viable, Plaintiff fails to link it to the defendants. *See Rizzo*, 423 U.S. at 373-75. He names no fewer than fourteen defendants for this claim. (Doc. 117 at 11.) Though Plaintiff states that each of the fourteen individuals "personally participated in the denial of access to courts," he provides no facts to support this assertion. As explained in section

II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

It appears that Plaintiff names some of the defendants solely because they hold supervisory positions. However, section 1983 does not impose liability on a supervisor merely because his subordinate has violated Plaintiff's rights. *See id.* at 676-77. To impose liability, Plaintiff must allege specific misdeeds that each individual defendant committed, rather than the misdeeds of those he or she supervised. *See id.* If he files a fourth amended complaint, Plaintiff must provide facts that show how *each* defendant's actions or inactions *caused* the deprivation of which he complains. *See Johnson*, 588 F.2d 743. If he cannot do so for any particular defendant, he should not include that defendant in an amended complaint.

**D. Conditions of Confinement**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the [Cruel and Unusual Punishments Clause of the] Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of … inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).

"In order to establish … [an Eighth Amendment] violation, [p]laintiffs must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation and internal quotation marks omitted). To be sufficiently serious, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Second, plaintiffs must show that the prison official was deliberately indifferent to their health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff does not state a cognizable conditions-of-confinement claim. He does not allege that Defendants denied him any of "life's necessities," *Rhodes v. Chapman*, 452 U.S. at 347, such as adequate food, clothing, safety, or medical care, *see Farmer v. Brennan*, 511 U.S. at 832. In other words, Plaintiff does not allege a deprivation that implicates the Eighth Amendment.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff states cognizable claims of retaliation against Defendants Daveiga and Ruiz, but his remaining claims are not cognizable. Therefore, the Court directs Plaintiff, **within 30 days** of the date of service of this order, to file a fourth amended complaint curing the deficiencies identified herein. Alternatively, Plaintiff may file a notice that he wishes to proceed only on the claims found cognizable. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 30 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint and prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order with respect to Claim 2 and 3 of the third amended complaint. Plaintiff may not change the nature of this suit by adding unrelated claims in a fourth amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a fourth amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 30 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
   a. a fourth amended complaint curing the deficiencies identified in this order, or
   b. a notice that he does not wish to file a fourth amended complaint and instead wishes to (1) proceed only on his claims of retaliation against Defendants Daveiga and Ruiz, (2) dismiss his due process, access-to-courts, and Eighth

Amendment claims, and (3) dismiss Defendants Adams, Brooks, Chastain, Comates, Davis, Grannis, Guzman, Hough, Junious, Neri, Rosenthal, Sheppard-Brooks, and Wortman, or

    c. a notice of voluntary dismissal of this case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

    Dated:  **October 11, 2020**                  **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE